FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSE LUIS SALAZAR, a/k/a Jose L.
Salazar, a/k/a Jose Salazar,

      Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

      Respondent.

No. 14-9620
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

    Jose Luis Salazar seeks review of a Board of Immigration Appeals (BIA) order

affirming an Immigration Judge (IJ) decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture (CAT).

---

    [*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent
in this action.

    [**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 8 U.S.C. § 1252, we dismiss in part and deny in part the petition for review.

## I.  FACTUAL BACKGROUND

Mr. Salazar was born and raised in Puebla, Mexico.  He first entered the United States in 1986, but returned to Puebla after living here for two years.  He came back to the United States in 1991 and has lived here since that time.  In 2012, the Department of Homeland Security initiated removal proceedings against him.  He conceded removability at a hearing before the IJ, but applied for asylum, restriction on removal, and CAT protection.

In support of his applications for relief, Mr. Salazar testified that he left Mexico because he was "afraid to live there."  Admin. R. at 80.  He explained that several of his cousins and friends had been killed.  He believed that they were targeted because the perpetrators wanted to steal from them.

He also described an incident where the police picked him and his friends up while they were waiting for the bus.  The police put him in their vehicle, hit him over the head, and threatened to kill him and his friends.  Mr. Salazar was released because one of the policemen knew his father, but the police "took the rest of [his friends] and they beat them up."  *Id*. at 84.  When asked if there was any reason why the police assaulted the boys, he said:  "No.  They were just drinking and they just go about to see who, who they can do this to."  *Id*.

Mr. Salazar further testified that "friends and a lot of people" he knows have been threatened and there are "a lot of kidnapping and robberies" in Puebla. *Id.* at 75. He witnessed a shooting at a family event and "a lot of people" died, "including young children." *Id.* at 76. He left for the United States shortly after this incident.

Mr. Salazar has not returned to Puebla since 1991, but his mother and some siblings still live there. His mother tells him about "the dangers over there," and he had just learned shortly before the hearing that one of his friends had been kidnapped. *Id.* at 78.

## II. **AGENCY DECISIONS**

The IJ denied Mr. Salazar's applications, determining (1) his asylum application had not been timely filed; (2) he was not eligible for withholding of removal despite his fear of returning to Mexico based on violence visited upon friends and relatives because he failed to link either past persecution or a clear probability of future persecution to one of the five grounds enumerated in the immigration laws to obtain such relief; and (3) he was not entitled to CAT relief because he had not presented credible evidence that he was tortured in the past, nor did he establish that any mistreatment he might suffer in the future would occur with the acquiescence of the Mexican government.

The BIA affirmed the IJ's decision. The BIA agreed the asylum application was untimely, noting Mr. Salazar did not challenge that determination on appeal. It further agreed that although Mr. Salazar "is genuinely afraid of being the victim of

- 3 -

crime in Mexico, [he] has not shown, nor does he meaningfully argue on appeal . . . that a protected ground . . . was or will be at least one central reason for the claimed harm." *Id*. at 2. The BIA also agreed there was insufficient evidence that Mr. Salazar was entitled to CAT relief.

Mr. Salazar petitions for review of the BIA's decision.

### III. DISCUSSION

"We review the BIA's legal determinations de novo and its findings of fact for substantial evidence." *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010).

### A. *Asylum*

The BIA denied Mr. Salazar's asylum claim "because the filing of his application was untimely and [Mr. Salazar had] not established changed or extraordinary circumstances which would excuse the untimely filing." Admin. R. at 2. Mr. Salazar does not challenge the BIA's timeliness determination and we otherwise do not have jurisdiction to address the issue, *see* 8 U.S.C. § 1158(a)(3).[1] We may not consider any of Mr. Salazar's merits arguments regarding asylum because the BIA did not reach the merits of that claim. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (acknowledging fundamental rule of administrative law

---

[1] Although we may review timeliness challenges that involve constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(D); *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006), Mr. Salazar does not address the BIA's timeliness determination, let alone argue for an exception to the jurisdictional bar.

that a reviewing court "must judge the propriety of [agency] action solely by the grounds invoked by the agency").

## B. *Withholding of Removal*

The Immigration and Nationality Act (INA) prohibits removal "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Mr. Salazar must show his eligibility for withholding of removal, and the burden of proof is higher than for asylum. *See Rodas-Orellana v. Holder*, 780 F.3d 982, 986 (10th Cir. 2015). He "must prove a clear probability of persecution on account of a protected ground." *Id*. at 987 (internal quotation marks omitted).

"For persecution to be on account of [a statutorily protected ground], the victim's protected characteristic must be central to the persecutor's decision to act against the victim." *Niang v. Gonzales*, 422 F.3d 1187, 1200 (10th Cir. 2005). The BIA concluded Mr. Salazar failed to show that a protected ground would be at least one central reason for his claimed harm.

Mr. Salazar asserts he fears returning to Mexico because members of his "family have been targeted, kidnapped, and murdered," and he argues that a group of family members may be considered a particular social group. Pet'r Br. at 9-10. But when asked if he knew the reasons for the violence he described, he testified that his friends and cousins were targeted by thieves who wanted to steal from them. He also

- 5 -

testified that the police harassed him and his friends for no particular reason other than that they were drinking and were looking for someone to beat up.

Even if family membership constitutes a "particular social group," Mr. Salazar failed to establish that any of the harms he described occurred *on account* of family membership. Fear of being a victim of crime in Mexico does not constitute a basis for a finding of persecution within the meaning of the Act in the absence of a statutorily protected ground. *Cf. Matter of S-V-*, 22 I. & N. Dec. 1306, 1309-10 (BIA 2000) ("[A]n asylum applicant's fear of harm resulting from general conditions of violence . . . affecting the populace as a whole . . . does not constitute a 'well-founded fear of persecution' within the meaning of the Act."), *overruled on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003). Because Mr. Salazar did not establish a clear probability that he would suffer future persecution on account of a protected ground, we agree with the BIA that he failed to prove his eligibility for withholding of removal.

## C. *Convention Against Torture*

To be eligible for protection under the CAT, an alien must show "that it is more likely than not that he . . . would be tortured if removed to that country." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). The anticipated torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Mr. Salazar contends that "he has sufficiently established

- 6 -

that it is more likely than not that he would be tortured or kidnaped if removed to Mexico." Pet'r Br. at 10.

The record evidence does not support his contention. He testified to one incident where he personally suffered physical harm, and that involved a brief altercation with the police where he suffered minor injuries. Moreover, we agree with the BIA that he has not shown that any possible future mistreatment would occur with the Mexican government's acquiescence. Based on our substantial evidence standard of review, Mr. Salazar failed to establish his eligibility for relief under the CAT.

## IV. CONCLUSION

For the foregoing reasons, we dismiss for lack of jurisdiction the petition for review of the asylum claim and we deny the petition for review of the remaining claims.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge